JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-CV-3229

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIANA LOMBARDO

**DEFENDANTS**
DAILY NEWS, L.P. AND TRONC, INC.

**(b)** County of Residence of First Listed Plaintiff   NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State NJ | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 NY, IL |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- **Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
- **Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
DIVERSITY — DEFAMATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   7/30/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   JUL 30 2018   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Comoro : CIVIL ACTION
v. : 18 3229
Daily News, LP et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

7/30/18     Simon Rosen, Esq.     
**Date**     **Attorney-at-law**     **Attorney for** Plaintiff

215-564-0212     215-893-3900     Simon On Key@aol.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

JUL 30 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)

Address of Plaintiff: 45 Boulder Run RD, W. Paterson, NJ 07501

Address of Defendant: 4 New York Plaza, NY NY 10004

Place of Accident, Incident or Transaction: Libel Through The United States

**18  3229**

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/30/18

Attorney-at-Law / Pro Se Plaintiff

Attorney I.D. # (if applicable): 38603

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases (Please specify)

**B.  Diversity Jurisdiction Cases:**

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation ☑
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases (Please specify)

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Simon Rosen, ESQ, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 7/30/18

Attorney-at-Law / Pro Se Plaintiff

Attorney I.D. # (if applicable): 38603

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

JUL 30 2018

Civ 609 (5/2018)

JUL 30 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LoMORO : | CIVIL ACTION |
| 45 Boulder Run Road | |
| West Paterson NJ 07501 | NO. CV-_____ |
| AND : | |
| DAILY NEWS, L.P. | JURY TRIAL DEMANDED |
| 4 New York Plaza | |
| New York, N.Y., 10004 : | |
| AND | |
| TRONC, INC. | |
| 435 N. Michigan Avenue | |
| Chicago IL 60611 : | |

_____

COMES NOW your plaintiff, DIANA LoMORO, who through her counsel, SIMON ROSEN, ESQ., respectfully Complains as follows:

**I. JURISDICTION**

1. Jurisdiction is proper under 28 United States Code, Section 1332, to wit, diversity of citizenship.

**II. VENUE**

2. Venue is proper under applicable federal law.

**III. FACTUAL ALLEGATIONS**

3. Plaintiff DIANA LoMORO (hereinafter "LOMORO) is a private

adult individual and a citizen of the State of New Jersey, residing at the address indicated above.

4. Defendant DAILY NEWS, L.P. is a limited partnership based in the State of New York, doing business within this district as a daily newspaper; at all times material hereto, defendant DAILY NEWS, L.P. (hereinafter "DN") conducted business and acted through its agents, servants, employees, representatives, and the like, acting within their course of employment and scope of duties.

5. Defendant TRONC, INC. is a domestic corporation based in Chicago, IL and doing business within this District in the publishing business; defendant TRONC, INC. ("TRONC") is the parent company of co-defendant DN.

6. At all times relevant hereto, defendant TRONC conducted business and acted through its agents, servants, employees, representatives, and the like, acting within their course of employment and scope of duties.

7. In their December 19, 2017 DN daily newspaper, prominently displayed in bold type, at Page 18 under the headline, "***RACK WHACK***", defendants published an article involving illegal activities including but not limited to racketeering and prostitution (hereinafter "SUBJECT ARTICLE".

8. The SUBJECT ARTICLE contained an unflattering, edited photograph depicting plaintiff LoMORO. A copy of the SUBJECT ARTICLE is annexed hereto as Exhibit P-1 and incorporated by reference as though fully set forth herein and made a part hereof.

9. Subsequent to the publication of the SUBJECT ARTICLE, plaintiff upon learning of the existence of the SUBJECT ARTICLE properly requested an appropriate retraction and apology from defendants, which request was flatly refused by defendants.

10. This litigation ensues.

## IV.  PLAINTIFF'S CLAIMS

### COUNT I: LIBEL PER SE (DEFAMATION)

### (AGAINST DAILY NEWS, LP ONLY)

11. Paragraphs 1 through 10 are incorporated by reference as though fully set forth herein and made a part hereof.

12. Under the law, actionable libel Per Se is

a) defamatory communication;

b) published by the defendant concerning the plaintiff involving criminality;

c) understanding by the recipient of its defamatory meaning;

d) understanding by the recipient of it as intended to be applied to the plaintiff

13. Defendant DN satisfied all of the essential elements of libel Per Se.

14. The defamatory communication portrayed plaintiff as being linked to criminality including racketeering and prostitution, which is false.

15. The SUBJECT ARTICLE was published by defendant DN in its daily Daily News newspaper, at Page 18, and was made available by DN to millions of defendants' readers and customers, both in written print and digitally.

16. The recipient understood of the SUBJECT ARTICLE's defamatory meaning.

17. The recipient understood that it was the intent of the SUBJECT ARTICLE to link plaintiff to criminality including racketeering and prostitution.

18. As a direct and proximate result of defendant DN's libel Per Se, plaintiff sustained serious damages, inclusive but not limited to the following:

a) <u>General damages</u>: Past and future harm sustained to LoMORO's reputation in her community;   mental and emotional anguish, and personal humiliation.

b) <u>Special damages</u>: Lost wages- past present and future; lost business profits; loss of prospective business opportunities.

19.  Defendant DN's conduct was outrageous, and was intentional, willful and with reckless disregard for the rights of plaintiff LoMORO, giving rise to an award of punitive damages; defendant DN carefully chose a particular unflattering photograph of plaintiff LoMORO to insert next to its egregious headline.

20.  Defendant DN is liable to LoMORO for Libel Per Se.

WHEREFORE, on Count I, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant DAILY NEWS, as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b.  For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages in excess of Seventy-Five Thousand Dollars ($75,000);

d.  For a published retraction, apology and Order barring defendant DN from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.

## COUNT II: LIBEL PER SE (DEFAMATION)

## (AGAINST TRONC ONLY)

21. Paragraphs 1 through 20 are incorporated by reference as though fully set forth herein and made a part hereof.

22. Under the law, actionable libel Per Se is

a) <u>defamatory</u> communication;

b) <u>published</u> by the defendant concerning the plaintiff involving criminality;

c) understanding by the recipient of its defamatory meaning;

d) understanding by the recipient of it as intended to be applied to the plaintiff

23. Defendant TRONC satisfied all of the essential elements of libel Per Se, because under the doctrine of respondeat superior, TRON is liable for the actions and misdeeds of its wholly owned subsidiary, co-defendant DN.

24. The defamatory communication portrayed plaintiff as being linked to criminality including racketeering and prostitution, which is false.

25. The SUBJECT ARTICLE was published by defendant TRONC's subsidiary and made available to millions of defendants' readers and customers, both in written print and online digitally.

26. The recipient understood of the SUBJECT ARTICLE's defamatory meaning.

27. The recipient understood that it was the intent of the SUBJECT ARTICLE to link plaintiff to criminality including racketeering and prostitution.

28. As a direct and proximate result of defendants' libel Per Se, plaintiff sustained serious damages, inclusive but not limited to the following:

a) <u>General damages</u>: Past and future harm sustained to LoMORO's reputation in her community; mental and emotional anguish, and personal humiliation.

b) <u>Special damages</u>: Lost wages- past present and future; lost business profits; loss of prospective business opportunities.

29.  Defendants' conduct was outrageous, and was intentional, willful and with reckless disregard for the rights of plaintiff LoMORO, giving rise to an award of punitive damages.

30.  Defendant TRONC is liable to LoMORO for Libel Per Se.

WHEREFORE, on Count II, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant TRONC, INC., as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b.  For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages in excess of Seventy-Five Thousand Dollars ($75,000);

d.  For a published retraction, apology and Order barring defendant TRONC from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.

## COUNT III: INVASION OF PRIVACY (FALSE LIGHT)
## (AGAINST DN ONLY)

31. Paragraphs 1 through 30 are incorporated by reference as though fully set forth herein and made a part hereof.

32. Defendant DN committed an actionable civil invasion of plaintiff LoMORO's privacy rights by publishing her actual likeness and appearance for millions to see, falsely linking her to criminality including prostitution and racketeering.

33.  As a result of DN's invasion of plaintiff's privacy presenting her in a false light, plaintiff sustained damages as aforepleaded.

34. Plaintiff is entitled to recover against defendant DN for invasion of her privacy and for DN's senseless and needless placing plaintiff LoMORO in a false light.

WHEREFORE, on Count III, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant DAILY NEWS as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b. For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages in excess of Seventy-Five Thousand Dollars ($75,000);

d. For a published retraction, apology and Order barring defendant DAILY NEWS from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.

## COUNT IV: INVASION OF PRIVACY (FALSE LIGHT)
## (AGAINST TRONC ONLY)

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein and made a part hereof.

36. Defendant TRONC, through the actions of its wholly owned subsidiary DN, committed an actionable civil invasion of plaintiff LoMORO's privacy rights by publishing her actual likeness and appearance for millions to see, falsely linking her to criminality including prostitution and racketeering.

37. As a result of TRONC's invasion of plaintiff's privacy presenting her in a false light, plaintiff sustained damages as aforepleaded.

37B.  Plaintiff is entitled to recover against defendant TRONC for invasion of her privacy and for TRONC's senseless and needless placing plaintiff LoMORO in a false light.

WHEREFORE, on Count IV, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant TRONC as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b.  For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages in excess of Seventy-Five Thousand Dollars ($75,000);

d.  For a published retraction, apology and Order barring defendant TRONC from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.

## COUNT V: VIOLATION OF N.Y. CIV. RIGHTS LAW ARTICLE- 5 SECS. 50-52 (AGAINST DN ONLY)

38. Paragraphs 1 through 37B are incorporated by reference as though fully set forth herein and made a part hereof.

39. Defendant DN's conduct as aforepleading was unprivileged and violative of N.Y. CIV RIGHTS LAW, SECS 50-51, which statute is incorporated by reference as though fully set forth herein and made a part hereof.

40. New York privacy laws require plaintiff's written consent as a precursor for publishing her picture, especially the SUBJECT ARTICLE picture of plaintiff laid out for millions to view.

41. Defendant DN is liable to plaintiff for violating New York State's privacy statutes.

WHEREFORE, on Count V, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant DAILY NEWS as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b. For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages, statutory damages and treble damages in excess of Seventy-Five Thousand Dollars ($75,000);

d. For a published retraction, apology and Order barring defendant TRONC from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.

## COUNT VI: VIOLATION OF N.Y. CIV. RIGHTS LAW ARTICLE- 5 SECS. 50-52 (AGAINST TRONC ONLY)

42. Paragraphs 1 through 41 are incorporated by reference as though fully set forth herein and made a part hereof.

43. Defendant DN's conduct as aforepleading was unprivileged and violative of N.Y. CIV RIGHTS LAW, SECS 50-51, which statute is incorporated by reference as though fully set forth herein and made a part hereof.

44. New York privacy laws require plaintiff's written consent as a precursor for publishing her picture, especially the SUBJECT ARTICLE picture of plaintiff laid out for millions to view.

45. Defendant DN is liable to plaintiff for violating New York State's privacy statutes.

WHEREFORE, on Count V, plaintiff DIANA LoMORO demands judgment in her favor, and against defendant DAILY NEWS as follows:

a. For general damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

b. For special damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000);

c. For punitive damages, statutory damages and treble damages in excess of Seventy-Five Thousand Dollars ($75,000);

d. For a published retraction, apology and Order barring defendant TRONC from re-publication of the SUBJECT ARTICLE in whole or part;

e. For interest, reasonable counsel fees and litigation costs;

f. For such other relief as this Court may deem proper.


Dated: July 16, 2018        LAW OFFICE OF SIMON ROSEN

By: /Simon Rosen, Esq./ (#6279)

2019 Walnut St.
Philadelphia PA 19103
  (215)564-0212  - fax (215)893-3900
  Email:SimonOnKey@aol.com



# RACK WHACK
## Famed 'Sopranos' jiggle joint is shuttered

Strip club Satin Dolls in Lodi, N.J., which served as Tony Soprano's headquarters Bada Bing on HBO show, was shuttered because of its ties to real-life wiseguy.