# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LOMORO, : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 18-3229** |
| DAILY NEWS, L.P., : | |
| : | |
| : | |
| **Defendant.** : | |

## ORDER

**AND NOW**, this ___8th_____ day of March, 2019, upon consideration of Defendant Daily News, L.P's ("Defendant") Motion to Dismiss ("Motion") (Doc. 15), Plaintiff Diana Lomoro's ("Plaintiff") response thereto (Doc. 16), and Defendant's Sur-Reply (Doc. 20), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Doc. 14) against Defendant is **DISMISSED WITH PREJUDICE**.[i]

BY THE COURT:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[i] Under New Jersey law, to establish a defamation claim regarding a matter of public concern, a private plaintiff must prove: (1) a false and defamatory statement; (2) communication of the statement to a third party; and (3) actual malice on the part of the publisher. *Lee v. TMZ Prods Inc*, 710 F. App'x. 551, 559–60 (3d Cir. 2017) (non-precedential). "To meet the actual malice standard, a plaintiff must plead 'that the publisher knew the statement[s] to be false or acted in reckless disregard of [their] truth or falsity.'" *Id*. Here, Plaintiff has failed to plead actual malice on the part of the Defendant with respect to her defamation and false light claim. *Durando v. Nutley Sun*, 37 A.3d 449, 458 (N.J. 2012) (explaining that actual malice is an element of false light claims). This failure requires dismissal of Plaintiff's claims.