IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LoMORO | : CIVIL ACTION |
| vs. | NO. 18-CV-3229 |
| | : |
| DAILY NEWS, L.P. | |

## O R D E R [PROPOSED]

AND NOW, to wit, this ____ day of _____, 2019, upon due consideration, it is hereby ORDERED and DECREED that plaintiff DIANA LoMORO's Motion for Reconsideration is GRANTED, and this Court's Order of March 8, 2019 dismissing case is VACATED. It is further ORDERED and DECREED that defendant's Rule 12(b) Motion to Dismiss Amended Complaint is denied.

[It is further ORDERED and DECREED that plaintiff is granted leave of Court to file her Second Amended Complaint, which was attached to her Motion for Reconsideration, within Seven (7) Days of the date of this Order.] - optional

Defendant DAILY NEWS, L.P. is afforded Twenty-One (21) days from the date of this Order to duly file its Answer to [Second] Amended Complaint, failing which plaintiff shall be entitled to enter default in her favor and against defendant.

**BY THE COURT:**

_____

U.S.D.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LoMORO | : CIVIL ACTION |
| vs. | NO. 18-CV-3229 |
| | : |
| DAILY NEWS, L.P. | |

## O RDER FOR HEARING

AND NOW, to wit, this ___ day of _____, 2019, it is hereby ORDERED and DECREED that a hearing is scheduled for Oral Argument in regard to plaintiff's Motion for Reconsideration.

The hearing is scheduled for the ___ day of _____, 2019, at ___ o'clock __.M., in Courtroom ____, located on the _____ floor, US Courthouse, 601 Market Street, Phila PA 19106.

Your failure to appear may result in the granting of the relief requested.

BY THE COURT:

_____
U.S.D.J.

- 1 -

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LoMORO | : CIVIL ACTION |
| vs. | NO. 18-CV-3229 |
| | : |
| DAILY NEWS, L.P. | |

## **REQUEST FOR ORAL ARGUMENT**

To The Honorable Court:

    Plaintiff/movant DIANA LoMORO respectfully requests Oral Argument on her pending

Motion for Reconsideration.


Dated: March 22, 2019                    /Simon Rosen, Esq./
                                                 Counsel for Plaintiff/Movant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA LoMORO | : CIVIL ACTION |
| vs. | NO. 18-CV-3229 |
| DAILY NEWS, L.P. | |

**PLAINTIFF' MOTION FOR RECONSIDERATION AND REQUEST FOR ORAL ARGUMENT IN REGARD TO THIS COURT'S ORDER GRANTING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW your movant, plaintiff DIANA LoMORO, who through her counsel, SIMON ROSEN, ESQ., of LAW OFFICE OF SIMON ROSEN, PLLC, respectfully moves as follows:

1. Pursuant to Local Civil Rule 7.1(g) of this Court, plaintiff DIANA LoMORO seeks reconsideration of this Court's Order dismissing the Amended Complaint with prejudice, *en toto;* amovant also humbly requests oral argument on the within motion.

2. Plaintiff initiated this action under various theories of recovery; defendant filed a Rule 12(b)(6) motion to dismiss, resulting in an agreed-upon Stipulation coupled with plaintiff being granted leave to file an amended complaint.

3. Defendant's motion to dismiss provided a virtual road map admonishing plaintiff to plead "actual malice" in her amended complaint.

4. Your plaintiff then filed her Amended Complaint, pleading actual malice in Paragraph 19B therein. Amended Complaint attached.

5. Upon information and belief, plaintiff cured the defect of failing to plead actual malice.

6. To wit, Paragraph 19B of the Amended Complaint specifically alleges that defendant's conduct was done with "actual malice. See Amended Complaint attached.

7. In her Amended Complaint, plaintiff/movant LoMORO also provided additional facts, and actual evidence, in support of actual malice, which <u>taken as a whole.</u> can be construed to plead that defendant publisher knew that the offending statements were false or acted in reckless disregard of their falsity; Conversely, if this Court opined that the Amended Complaint needs to specify, verbatim, that plaintiff should plead that defendant publisher knew that the offending statements were false or acted in reckless disregard of their falsity, dismissal is too harsh a sanction, and plaintiff should be afforded leave of Court to plead the required language which satisfies this Court..

8. In support of her defamation claim under New Jersey law, it was pleaded that plaintiff's appearance in a photograph,next to a headline and news story about a bar being closed for illicit mob-related activities, including prostitution and racketeering, was done with actual malice.

9. Defendant's conduct was done for an evil purpose, to do harm to plaintiff.

10. Your plaintiff/movant was an employee and dancer at the subject shuttered bar establishment, and her image appearing in the photograph next to the headline and new story links her, as an employee of the establishment, to prostitution and related mob activity.

11. Plaintiff's image and likeness links plaintiff with the illicit activities, and plaintiff pleaded the placement of her image there was done with actual malice.

- 4 -

12. Respondent's arguments in its second Rule 12(b) Motion to Dismiss at best go to the <u>weight</u> of the allegations; plaintiff/movant LoMORO is entitled to discovery to gather evidence supportive of her allegations.

13. Plaintiff was aware of the need to plead actual malice, and she did.

14. This Court, in its March 8, 2019 Order and in support of dismissal, clearly stated that,

> "...Plaintiff has failed to plead actual malice on the part of the Defendant with respect to her defamation and false light claim." See Order, attached and incorporated by reference.

15. This Court, in its March 8 Order, further admonished that to meet the actual malice standard, "a plaintiff must plead that the publisher knew the statement(s) to be false or acted in reckless disregard of [their truth or falsity]; plaintiff submits that reading the Amended Cmoplaint

16. In regard to the invasion of privacy, false light claim, Paragraph 25 of the Amended Complaint incorporated by reference and re-alleges all prior allegations set forth in the defamation count, which includes actual malice and the facts involving defendant publisher's intentional or reckless conduct.

17. Through incorporation by reference, actual malice was already alleged and the intentional or reckless conduct stated..

18. Assuming, arguendo, that this Court opined that movant should have re-alleged "actual malice" and further specified that "the publisher knew the statement to be false or acted in reckless disregard of [their] truth or falsity, then in lieu of dismissal, plaintiff should be afforded the opportunity to so plead in her Second Amended Complaint; accordingly, plaintiff's Second Amended Complaint is attached hereto and incorporated by reference as though fully set forth herein and

made a part hereof; this Second Amended Complaint acts to cure the concern of this Court.

19. The gravamen of the false light clam is that defendant publisher intentionally altered the subject photograph to portray plaintiff as ugly, gruesome, fat, grotesque; plaintiff took it one step further, she provided evidence in support of this allegation- by a professional visual artist (photographer).

20. Defendant publisher's conduct, as alleged, in exhibiting plaintiff's image in the article touting illicit activity, and further altering plaintiff's image, was allegedly done with malice and intent to harm plaintiff; this is the allegation, and plaintiff is entitled to gather additional evidence through discovery.

21.  Dismissal with prejudice of all claims is the harshest result this Court could possibly mete out.

22. It is respectfully submitted that plaintiff point blank alleged that defendant publisher exhibited actual malice; and through its conduct demonstrated that the malice was intentional or with reckless disregard for its falsity.

23.  While plaintiff.movant humbly disagrees with this Court's Order that plaintiff did not "plead actual malice", plaintiff acknowledges that she did not verbatim plead that the conduct was intentional or with reckless disregard for its falsity; the failure of plaintiff to specifically plead that defendant's malicious conduct was intentional or with reckless disregard to the falsity of the defamation and false light was an inadvertent omission; accordingly plaintiff should be granted leave of Court for to file Second Amended Complaint, thereby curing any defect.  See Second Amended Complaint, attached and incorporated by reference.

24. Under applicable law, based upon the facts at bar, reconsideration is warranted in the interests of justice and fair play.  See Memorandum of Law, attached.

25. For the above-stated reasons, reconsideration should be granted, and plaintiff permitted to proceed with her claims.

      WHEREFORE, movant DIANA LoMORO respectfully requests that this Court GRANT her Motion for Reconsideration.

      Respectfully submitted

Dated: March, 2019        **LAW OFFICE OF SIMON ROSEN, PLLC**
      By: /Simon Rosen, Esq./ (#6279)
      Counsel for Diana LoMoro
      Movant/Plaintiff
      2019 Walnut Street
      Philadelphia PA 19103
      215-564-0212 / SimonOnKey@aol.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANA LoMORO : CIVIL ACTION

vs. NO. 18-CV-3229

:

DAILY NEWS, L.P.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR RECONSIDERATION

COMES NOW your respondent, plaintiff DIANA LoMORO, who through her counsel, SIMON ROSEN, ESQ., of LAW OFFICE OF SIMON ROSEN, PLLC, respectfully Argues as follows:

**I. INTRODUCTION**

Plaintiff filed a civil action against defendant Daily New, LP – a "publisher" for purposes herein, and its parent company, Tronc, Inc.   Defendant filed a Rule 12(b) Motion to Dismiss, and parties came to an agreement embodied in a Stipulation which acted to remove co-defendant Tronc as a defendant, remove certain claims not cognizable under New Jersey law, and leaving in the defamation and invasion of privacy (false light) claims.  Based upon defendant's initial Rule 12(b) motion, plaintiff was aware that the Amended Complaint would need to plead actual malice.

Plaintiff filed her Amended Complaint, pleading actual malice. See  Paragraph 19(B) of the Amended Complaint, attached and incorporated by reference, which states verbatim,

"Defendant DN published the subject article with actual malice".

Notwithstanding,  defendant's second Rule 12(b)  motion was filed, which was contested by plaintiff.   This Court dismissed the defamation and  false light counts against defendant,

thereby dismissing the case en toto, with prejudice. This motion for reconsideration ensues.

## II. ARGUMENT

### THIS MOTION FOR RECONSIDERATION IS TIMELY, AND THIS COURT IS EMPOWERED TO GRANT RECONSIDERATION UNDER THESE CIRCUMSTANCES

Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania appeals to the equitable powers of this Court, thereby granting this tribunal the power to grant reconsideration and argument thereon. Although the Rule itself provides no enumeration of the factors to consider in granting reconsideration, applicable case law provides such guidance.

First and foremost, the Local Rule requires that the request for reconsideration and argument be filed within 14 days of the Order from which relief is being requested. Here, movant has satisfied the 14 day requirement, therefore this motion should be deemed as being timely filed.

Next, we see that reconsideration should be granted to avoid "injustice", or to correct an error. See, for example, Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); *see also* N. River Ins. Co. v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995),

Your movant vehemently argues that denying her access to the courtroom door, by dismissal at this early juncture, results in injustice to your movant. Rule 12(b) motions are to be viewed in a light most favorable to the respondent. Here, movant specified that defendant committed "actual malice" in her defamation claim, and incorporated her prior allegations in the defamation claim into her false light claim.

Notwithstanding same, movant can readily assuage any concern by filing her Second Amended Complaint, thereby curing the alleged defective pleading. To the

extent that this Court continues to opine that movant's Amended Complaint was defective, then such defect should be deemed as an error which can be readily corrected by the filing of the attached Second Amended Complaint. Such inadvertence should not act to bar plaintiff from asserting her claims.

Based upon the facts and applicable case law, this Court should properly grant reconsideration, and either deem the Amended Complaint as sufficient, or grant leave of Court for movant to file her Second Amended Complaint.

### III. CONCLUSION

Based upon the above-stated reasons, plaintiff's Motion for Reconsideration should be GRANTED.

Dated: March 22, 2019              /Simon Rosen, Esq./
                                   Counsel for Diana LoMoro
                                   Movant/Plaintiff

CERTIFICATE OF SERVICE

I, Simon Rosen, Esq., hereby certify that a true and correct copy of the within Motion for Reconsideration was duly served upon all interested parties on March 22, 2019 through the ECF filing system, and on all unrepresented parties by US first class regular mail, postage prepaid.

Dated: March 22, 2019                          By: /Simon Rosen, Esq./
                                                                      Counsel for Diana LoMoro
                                                                      Plaintiff/Movant